UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY ALAN FERQUERON,

        Petitioner,                            Civil Action No.
                                                    05-CV-71051-DT

vs.

                                                    HON. BERNARD A. FRIEDMAN

ANDREW JACKSON,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

        This Matter is on remand from the United States Court of Appeals for the Sixth Circuit. Gregory Alan Ferqueron ("Petitioner") is presently incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan. In 2000, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in order to challenge his 1996 convictions out of the Oakland County Circuit Court for first-degree criminal sexual conduct, felonious assault, felony-firearm, and being a second habitual offender. In June 2001, the Court denied his petition. Ferqueron v. Straub, No. 00-70662 (E.D. Mich. June 5, 2001) (order denying petition), *aff'd*, 42 Fed. Appx. 748 (6th Cir. 2002), *cert. denied*, 538 U.S. 928 (2003). Petitioner also filed a motion for reconsideration, and the Court denied that motion. Ferqueron v. Straub, No. 00-70662 (E.D. Mich. Sept. 13, 2002) (order denying motion).

        In 2005, Petitioner filed what this Court believed to be another petition for a writ of habeas corpus. As such, the Court transferred the petition, pursuant to 28 U.S.C. § 2244(b)(3)(A), to the Sixth Circuit for authorization for Petitioner to file a second or successive habeas petition.

        On May 2, 2006, the Sixth Circuit ruled that it was unnecessary for Petitioner to obtain a

certificate of authorization from the Sixth Circuit prior to proceeding in the federal district court with his current action. In Re Ferqueron, No. 05-1430 (6th Cir. May 2, 2006) (order remanding case). The Sixth Circuit remanded the matter to this Court for consideration as a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). Id. The Sixth Circuit explained:

> The Supreme Court has held that when a Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. Gonzalez v. Crosby, 125 S. Ct. 2641, 2648 (2005). A claim of "[f]raud on the federal habeas court," as Ferqueron asserts here, is an "example of such a defect." Id. at 2648 n.5.

Id.

This Court found the Petitioner's pleadings to be largely illegible and therefore deficient. On May 24, 2006, the Court gave Petitioner 30 days in which to file legible pleadings. On June 14, 2006, Petitioner filed his amended pleadings. In them, Petitioner alleged that this Court "was deceived to deny Ferqueron's writ, the Judgment was obtained by fraud, the Judgment defective, the integrity of the Court soiled." (Am. Pleadings, Dkt. No. 18, June 14, 2006.)

As instructed by the Sixth Circuit, this Court will regard Petitioner's amended pleadings as a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) states that a "court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." FED. R. CIV. P. 60(b). Rule 60(b) further states that such a motion must be made "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Here, the Court entered an Order and Judgment denying Petitioner's writ of habeas corpus

on June 5, 2001. Petitioner originally filed his Motion for Relief from Judgment on March 17, 2005. The Motion, therefore, was filed almost four years after the Order and Judgment were entered. This is well outside the one-year time limit in which a petitioner must file a motion for relief from judgment pursuant to Rule 60(b). Accordingly,

IT IS ORDERED that Petitioner's Motion for Relief from Judgment is denied.

    s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated:   June 22, 2006
         Detroit, Michigan

**I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.**

_____/s/ Patricia Foster Hommel_____
**Patricia Foster Hommel
Secretary to Chief Judge Friedman**

3